USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANNE NESTOR,

                    Plaintiff,

          -against-

ALBERT TOGUT,

                    Defendant.

1:24-cv-9268-MKV

ORDER DISMISSING
APPEAL AS UNTIMELY

MARY KAY VYSKOCIL, United States District Judge:

Appellant, Marianne Nestor, initiated this action by filing an appeal of an order issued on October 25, 2025 by the Bankruptcy Court in Case No. 23-10627 (MEW), holding her in contempt. [ECF No. 1].[1]  Appellant's Notice of Appeal was filed in the Bankruptcy Court on November 15, 2025. [ECF No. 1].

Federal Rule of Bankruptcy Procedure 8002(a) requires that a notice of appeal "must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a) (codified at 28 U.S.C. § 158(c)(2)); 28 U.S.C.A. § 158 ("An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."). "Rule 8002's deadlines, which are incorporated by statute, are jurisdictional." *In re Buckskin Realty, Inc.*, 845 F. App'x 68, 70 (2d Cir. 2021).  The date on which a notice of appeal is "filed" is "the date the clerk receives it, not the date it is mailed." *In re Nestor*, No. 24 CIV. 7109 (JHR) (SLC), 2024 WL 4664849, at *1 (S.D.N.Y. Oct. 10, 2024) (citing *Petite-El v. WorldCom, Inc.*, No. 05 Civ. 3179 (PAC), 2006 WL

---

[1] Plaintiff also references an "order" issued on October 30, 2024 at ECF No. 388. The October 30, 2024 document at ECF No. 388 on the Bankruptcy Court docket is merely an affidavit of service of the appealed October 25, 2024 Order. *See In re: Nestor*, 23-10627-MEW.

27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (quoting *In re Simpson*, 215 B.R. 885, 886 (B.A.P. 10th Cir. 1998)). A Bankruptcy Court may, on a motion, extend the time to file a notice of appeal if the motion for an extension is filed either within fourteen days after entry of the order intended to be appealed or within twenty-one days after that time if the party shows excusable neglect. *Matter of AMR Corp.*, 566 B.R. 657, 663 (S.D.N.Y. 2017) (citing Fed. R. Bankr. P. 8002(d)(1)(B)).

As is the case in numerous of Ms. Nestor's other prior appeals, which were dismissed as untimely, *see, e.g.*, *In re Nestor*, No. 24-cv-6250 (JHR) (SLC), 2024 WL 5119123, at *3 (S.D.N.Y. Nov. 19, 2024), *report and recommendation adopted sub nom. In Re Nestor*, No. 24-cv-6250 (JHR) (SLC), 2025 WL 2089353 (S.D.N.Y. July 25, 2025),[2] Ms. Nestor did not file her notice of appeal within fourteen days of the Order she appeals. [ECF No. 1].  In light of the numerous prior dismissals of untimely appeals, Plaintiff was on specific notice of the requirements for timely filing an appeal.

After review of the Bankruptcy Court docket, there appears to be no request for an extension of time to file this appeal.  Accordingly, the Court issued an order directing Ms. Nestor to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 8].  Ms. Nestor was put on notice that "failure to comply with this Order will result in the dismissal of this appeal." *Id.*  Appellant's filing was wholly unresponsive to the Court's Order. [ECF No. 9].  Ms. Nestor's only argument in favor of jurisdiction appears to be that she is a *pro se* appellant and thus "excusable neglect" and "unintentional mistakes may be made." *Id.*

"The time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's pro se status[,]" and as such must be strictly enforced. *See In re Malhotra*, No. 23-70817-AST,

---

[2] *See also In re Nestor*, No. 24 Civ. 5891 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 6246 (JHR) (SLC); *In re Nestor*, No. 24 Civ. 7109 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7133 (JHR) (SLC) *In re Nestor*, No. 24 Civ. 7116 (JHR) (SLC) (S.D.N.Y.); *In re Nestor*, No. 24 Civ. 7142 (JHR) (SLC) (S.D.N.Y.).

2024 WL 5182332, at *1 (Bankr. E.D.N.Y. Dec. 18, 2024) (quoting *In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017)).  Accordingly, this appeal must be dismissed.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the FRBP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to mail a copy of this order to *pro se* appellant, Marianne Nestor, and to close this case.

**SO ORDERED.**

Date:  **February 23, 2026**
    **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

3